## SETTLEMENT AGREEMENT AND GENERAL MUTUAL RELEASE

This Settlement Agreement and General Mutual Release ("Agreement") is entered into by and between Trusty Warns, Inc. ("Trusty Warns"), with its principal place of business at 229 Central Ave., Wood Dale, Illinois; M.W. McDonald & Associates, Inc. ("M.W. McDonald"), with its principal place of business at 225 Crossroads Blvd., #270, Carmel, CA 93923; Joyce Ortis ("Joyce"); Linda McGahey ("Linda"); Robert Meyer ("Robert"); Sandra Niedermeyer ("Sandra"); Pamela McDonald ("Pamela"); Carrie Savickas ("Carrie"); Jamie Bellandi ("Jamie"); Amy Beck ("Amy"); Michael McDonald ("Michael"); and John Savickas ("John"); hereinafter, collectively referred to as the "Parties."

### Recitals

A.   WHEREAS, as of the Effective Date of this Agreement, Trusty Warns is an Illinois corporation with Sixty Percent (60%) of its outstanding shares being owned by the Karl O. Niedermeyer Trust dated 12/17/91 ("KON Trust"); Five Percent (5%) of its outstanding shares being owned by Joyce; Five Percent (5%) of its outstanding shares being owned by Linda; Five Percent (5%) of its outstanding shares being owned by Robert; Five Percent (5%) of its outstanding shares being owned by Sandra; Five Percent (5%) of its outstanding shares being owned by Pamela; Five Percent (5%) of its outstanding shares being owned by John; Five Percent (5%) of its outstanding shares being owned by Jamie; and Five Percent (5%) of its outstanding shares being owned by Amy.

B.   WHEREAS, as of the Effective Date of this Agreement, Carrie is the Trustee of the KON Trust and Joyce, Linda, Robert, Sandra, Pamela, Carrie, Jamie, and Amy are each equal beneficiaries of the KON Trust.

C.   WHEREAS, as of the Effective Date of this Agreement, the Niedermeyer Family Limited Partnership V ("Family Partnership") is an Illinois Limited Partnership which, prior to May, 2015, owned real estate located at 320 E. Irving Park Road, Wood Dale, Illinois ("320 Property") and 229 Central Ave., Wood Dale, Illinois ("229 Property").

D.   WHEREAS, as of the Effective Date of this Agreement, Carrie is the General Partner of the Family Partnership and Carrie, Joyce, Linda, Robert, Sandra, Pamela, Jamie and Amy are each Limited Partners of the Family Partnership.

E.   WHEREAS, as of the Effective Date of this Agreement, the KON Trust holds a 84.52% ownership interest in the Family Partnership; Carrie holds a 3.3% ownership interest in the Family Partnership; and Joyce, Linda, Robert, Sandra, Pamela, Jamie and Amy each hold a 1.74% ownership interest in the Family Partnership.

F.      WHEREAS, in May, 2015, the 320 Property was sold to a third-party and the net proceeds of this sale, totaling $650,840 are currently being held in escrow by Old Republic National Title Insurance Company pursuant to Title Indemnity-Escrow Agreement Number 1557353 ("Escrowed Proceeds").

G.      WHEREAS, in 2013, the 229 Property appraised for $600,000 and, as of the Effective Date of this Agreement, the 229 Property is listed for sale for $595,000.

H.      WHEREAS, on January 18, 2013, Trusty Warns, Inc. filed a Verified Complaint against Pamela, Michael and M.W. McDonald in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois captioned *Trusty Warns, Inc. v. Pamela J. McDonald, individually, Michael W. McDonald, individually and d/b/a M. W. McDonald & Associates, Inc., and M. W. McDonald & Associates, Inc.*, Case No. 2013L000052 ("Trusty Warns Litigation").

I.      WHEREAS, on September 26, 2013, and in the Trusty Warns Litigation, Pamela filed her Verified Counterclaims against Trusty Warns and her Verified Third-Party Complaint against Carrie, John, Joyce, Sandra, Louis V. Pavone, individually, and Loss & Pavone.

J.      WHEREAS, on March 3, 2015, and in the Trusty Warns Litigation, Pamela filed her First Amended Verified Third-Party Complaint against Carrie, John, Joyce, Sandra, Linda, Robert, Jamie, Amy, Louis V. Pavone and Loss & Pavone, P.C.

K.      WHEREAS, on July 24, 2013, Robert filed a Complaint for Declaratory Judgment and Other Relief against Carrie, individually and as Trustee of the KON Trust in the Circuit Court for the Eighteenth Judicial Circuit, DuPage County, Illinois, captioned as *Robert Meyer v. Carrie Savickas, individually and as Trustee of the Karl O. Niedermeyer Trust*, Case No. 2013MR001178 ("Meyer Litigation").

L.      WHEREAS, on December 8, 2014, Robert filed a Second Amended Complaint in the Meyer Litigation naming as defendants Carrie, individually and as Trustee of the KON Trust, and General Partner of the Family Partnership, John, Linda, Joyce, Amy, Pamela, Sandra, and Jamie.

M.      WHEREAS, on or about April 23, 2013, Trusty Warns commenced an action in the Circuit Court for the Eighteenth Judicial Circuit, DuPage County, Illinois, captioned as *Trusty Warns, Inc. v. Illinois Department of Employment Security, et al.*, Case No. 2013MR000645, challenging the Illinois Department of Employment Security's ("IDES") decision to award unemployment benefits to Pamela ("the IDES Litigation").

N.      WHEREAS, on December 1, 2014, Amy filed her Voluntary Petition for bankruptcy pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois, captioned *In re Amy Beck*, Case No. 14-43102 ("Bankruptcy Proceedings").

O.    WHEREAS, as of the Effective Date of this Agreement, the Bankruptcy Proceedings remain open, with Andrew J. Maxwell serving as Trustee.

P.    WHEREAS, in order to resolve their disputes and thereby avoid the risk, expense and burden of further litigation, the Parties have reached a binding agreement resolving the Trusty Warns Litigation, as between themselves, the Meyer Litigation, the IDES Litigation and all other matters in controversy between them. This Agreement memorializes that agreement.

NOW, THEREFORE, in consideration of the mutual covenants and agreements set forth below and for other good and valuable consideration, the adequacy and receipt of which is hereby acknowledges, the Parties agree as follows:

1.    <u>Recitals Incorporated</u>.    The Recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full and made an operative part of this Agreement.

2.    <u>Effective Date</u>.    The "Effective Date" of this Agreement is the date that this Agreement is approved in the Bankruptcy Proceedings.

3.    <u>Settlement Amounts and Payments</u>. Pamela shall release the Lis Pendens recorded against the 320 Property and 229 Property and Carrie, on behalf of the Family Partnership, shall direct that the Escrowed Proceeds shall be released to Pamela, Robert, Amy, and Jamie, to be divided amongst themselves as agreed and more fully set forth in Exhibit B:

a.    Within seven (7) days of the Effective Date of this Agreement, Pamela shall execute and return to counsel for Trusty Warns, c/o Lauryn Parks, Momkus McCluskey LLC, 1001 Warrenville Road, Suite 500, Lisle, Illinois, the Release of Land from Lis Pendens attached hereto as <u>Exhibit A</u>.

b.    Within seven (7) days the Effective Date of this Agreement, Carrie, Pamela, Robert, Jamie and Amy shall execute the Strict Joint Order Escrow Letter of Direction, attached hereto as <u>Exhibit B</u>.

c.    Within seven (7) days of receipt of executed copies of both <u>Exhibit A</u> and <u>Exhibit B</u> by counsel for Trusty Warns, these documents shall be tendered to Old Republic National Title Insurance Company with directions to release and disburse the Escrowed Proceeds, as directed in the Strict Joint Order Escrow Letter of Direction. Any escrow fees or investment fees charged by Old Republic National Title Insurance Company shall be paid by the Family Partnership. The intent of this Paragraph is to transfer the Escrowed Proceeds to Pamela, Robert, Amy, and Jamie, to be divided amongst themselves as set forth in Exhibit B.

3

4.    <u>Dismissal of Proceedings with Prejudice</u>.    The Parties agree to dismiss the Trusty Warns Litigation and Meyer Litigation, with prejudice, within seven (7) days of the Effective Date, as follows:

a.    <u>Trusty Warns Litigation</u>.    Trusty Warns, Pamela, Michael and M.W. McDonald shall execute and file a joint Stipulation to Dismiss in which Trusty Warns dismisses with prejudice its claims against Pamela, Michael and M.W. McDonald, and Pamela shall dismiss with prejudice her claims against Trusty Warns, Carrie, John, Joyce, Sandra, Linda, Robert, Jamie, and Amy, with all parties to bear their own costs and expenses.

b.    <u>Meyer Litigation</u>.    Robert shall execute and file a Stipulation to Dismiss in which he agrees to dismiss with prejudice his claims against Carrie, individually, as Trustee of the KON Trust, and as General Partner of the Family Partnership, John, Linda, Joyce, Amy, Pamela, Sandra, and Jamie, with each party to bear its own costs.

5.    <u>Jurisdiction of Court in Event of Default</u>. The court in the Meyer Litigation, specifically Judge Paul M. Fullerton if possible, shall retain jurisdiction for purposes of enforcing this Agreement. The Parties hereby agree to and grant the court in the Meyer Litigation jurisdiction over the Trusty Warns Litigation for the purposes of enforcing this Agreement. As such, if a breach of any of the terms herein occurs, then the Party or parties seeking to enforce this Agreement may only seek relief in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois, and shall file any claim or motion to enforce settlement agreement in the Meyer Litigation. The prevailing party in any action arising from a purported breach of the terms of the Agreement shall be entitled to all reasonable attorneys' fees and costs incurred.

6.    <u>Transfer and Assignment of Interests</u>.        In consideration for the promises and agreements contained herein, within seven (7) days of the Effective Date of this Agreement, Pamela, Robert, Jamie and Amy shall each assign and/or transfer their interests in Trusty Warns, the KON Trust, and Family Partnership as follows:

a.    Pamela, Robert, Jamie and Amy shall each execute an Assignment Separate From Certificate, substantially in a form as that attached as <u>Exhibits C-F</u> and thereby assign any and all ownership and any shares that each may have in Trusty Warns to Carrie, Joyce and/or Sandra. If any shares being transferred are evidenced by certificates, the assignor shall provide his or respective assignee with such certificates within seven (7) days of the Effective Date of this Agreement. If any certificates have been lost or misplaced, the assignor shall, within seven (7) days of the Effective Date of this Agreement, deliver a lost stock affidavit or any other documentation, and take any other steps necessary to issue and/or transfer new stock certificates to the assignee. By doing so, the Parties agree and acknowledge that Carrie, Joyce, Sandra, and Linda, as the remaining shareholders of Trusty Warns, shall have exclusive ownership, control and power over Trusty Warns and its assets, including, but not be limited to, any patents, trademarks, customer lists, vehicles, equipment, chattels, furniture, machines, and tools.

4

b.     Pamela, Robert, Jamie and Amy shall each execute a Release and Discharge of Trustee substantially in a form as that attached as <u>Exhibit G</u>. By doing so, Pamela, Robert, Jamie, and Amy each acknowledge and agree that they are taking their portion of the Escrowed Payments, as detailed in Paragraph 3, in lieu of any payments under the KON Trust, and that, hereinafter, Pamela, Robert, Jamie and Amy, and each of them, shall not be beneficiaries of the KON Trust and waive and agree not to receive any distributions of principal or interest from the KON Trust.

c.     Pamela, Robert, Jamie and Amy shall each execute a Resignation and Assignment of Membership Agreement substantially in a form as that attached as <u>Exhibit H</u>. By doing so, Pamela, Robert, Jamie and Amy each acknowledge and agree that they are resigning as Limited Partners in the Family Partnership and are assigning their membership in the Family Partnership.

7.     <u>Mutual Release of Claims</u>.    (a)   Subject to subsection (b) of this Paragraph, in consideration for the covenants provided herein, each Party, together with his/her/its agents, representatives, successors, assigns, subsidiaries, affiliates, directors, officers, employees, shareholders, and partners, hereby waives, releases and forever discharges each and every other Party, and each other Party's agents, representatives, successors, assigns, subsidiaries, affiliates, directors, officers, employees, shareholders, and partners, from any and all known or unknown actions, causes of action, claims or liabilities of any kind, whether based upon any federal, state, municipal, or local statute, law, ordinance or regulation, which have been or could be asserted against each or any of the Parties as a result of any act, omission, and/or event from the beginning of time through the Effective Date. Without limiting the generality of the foregoing, this release specifically includes any claims which have been or could be asserted by any of the Parties in the Trusty Warns Litigation, Meyer Litigation, the IDES Litigation, or any claims arising out of any of the Parties' ownership interest in or employment by Trusty Warns, beneficiary interest in the KON Trust, and/or membership interest in the Family Partnership.

8.     <u>Subject to Approval of Bankruptcy Court</u>. The Parties acknowledge and recognize that this Agreement is subject to the approval of the Bankruptcy Court in the Bankruptcy Proceedings and that this Agreement shall be void and not binding on any Party should the Bankruptcy Court in the Bankruptcy Proceedings reject and/or refuse to approve this Agreement.

9.     <u>Sale of 229 Property</u>. In the event that the 229 Property is sold within eighteen (18) months of the Effective Date of this Agreement for more than its current listed value of $595,000, the Family Partnership and its remaining members, Carrie, Sandy, Joyce, and Linda, each agree to reimburse fifty percent (50%) of any sale proceeds in excess of the current listed value of $595,000, minus reasonable closing costs, brokers fees, and the costs of any capital improvements (but not costs of routine maintenance) to the 229 Property made subsequent to the Effective Date of this Agreement, to Pamela, Robert, Jamie and Amy, to be divided equally between them. The Parties acknowledge and agree that nothing in this Agreement shall entitle

5

any Party to legally encumber the 229 Property or to otherwise file a Lien or Lis Pendens on the 229 Property. All sales within this eighteen (18) month period must be to a bona fide third-party purchaser and sale of the 229 Property to a related individual or entity shall be disregarded for the purposes of this paragraph.

10.     Indemnity.    (a) Trusty Warns, the KON Trust, Family Partnership, Carrie, John, Sandra and Joyce ("TW Indemnity Parties") jointly and severally, agree to hold harmless, indemnify and defend Pamela, Robert, Jamie, and Amy ("Departing Indemnity Parties") from and against any and all claims, demands, liabilities, legal actions or proceedings, investigations, fines, or other penalties, and losses, costs or expenses related thereto (including attorneys' fees) arising out of, or directly or indirectly related to the assertion against Trusty Warns, the KON Trust, and/or Family Partnership of claims by the federal or state government, any corporation, partnership, or any person or persons relating to actions, conduct, circumstances or facts occurring on or before the Effective Date of this Agreement, so long as such claims, actions, causes of action and losses are not occasioned by the Departing Indemnity Parties' willful wrongdoing, criminal wrongdoing, or negligent acts which are not subject indemnification under Illinois law, and which result in a negative finding following an IRS or tax agency audit.

(b)     The Indemnifying Parties have represented and do hereby represent that TW Maintenance Services, Inc. does not and has not, through the Effective Date of this Agreement, carried on any business, in whole or in part, that is similar to, competes with or diverts income from Trusty Warns.

11.     Future Disclosure of Financial Records.    (a) Trusty Warns, the KON Trust, and Family Partnership shall each distribute to Pamela, Robert, Jamie and Amy complete 2014 and 2015 tax filings on behalf of Trusty Warns, the KON Trust, and/or the Family Partnership (less individual K1s other than for the recipients themselves), at least fourteen (14) days before the returns are filed with state or federal tax agencies. Pamela, Robert, Jamie and Amy shall have an opportunity to comment on these proposed filings. The accountants preparing and filing the returns shall be under no obligation to accept or reject any comments.

(b) On or prior to the Effective Date of this Agreement, Trusty Warns shall make available to Pamela, Robert, Amy and Jamie copies of:  (i) the complete and updated Trusty Warns corporate minute book; (ii) bank records for the entities for 2014 and January 2015 through August 2015; and  (iii) any recordings of board and shareholder meetings for the period between January 1, 2009 and January 31, 2012, to the extent they can be located, for duplication and reproduction at their expense.  Pamela reserves her right to obtain copies of such recordings to the extent they are located after the Effective Date.

12.   <u>Confidential and Proprietary Information</u>.   (a) Pamela, Robert, Jamie and Amy each agree, within seven (7) days of the Effective Date of this Agreement, to return to Trusty Warns or delete, destroy or otherwise render irretrievable and inaccessible any and all trade secrets, proprietary information and/or confidential information of Trusty Warns, as set forth in <u>Exhibit I</u>. Pamela, Robert, Jamie and Amy further agree not to disclose this information to anyone and not to use the information for personal or business purposes.

(b)   Nothing in this Paragraph shall preclude Pamela, Robert, Jamie or Amy from retaining any Trusty Warns accounting records in their possession, subject to their agreement and stipulation that such records contain information that qualifies for protection under the Illinois Trade Secrets Act, 765 ILCS 1065/1, *et seq.*, as more fully reflected in the Stipulation attached as Exhibit J. The Parties agree to execute Exhibit J as a material part of this Agreement. In the event that any action or proceeding is commenced to enforce or declare any rights arising under or reflected in this Paragraph or Exhibit J, the Parties stipulate and agree that the court or tribunal in any such action or proceeding shall award all reasonable attorneys' fees, costs and expenses to the prevailing party.

13.   <u>Amendment to Trusty Warns Books and Records</u>.   The books and records of Trusty Warns shall be amended to delete and remove the current entry which reflects an accounts receivable owed by Pamela in favor of Trusty Warns in the amount of $100,149.17 ("Claimed Receivable"). In the future, the books and records of Trusty Warns shall not reflect any accounts receivable from Pamela. Trusty Warns stipulates and represents that the Claimed Receivable is not a liquidated amount but that it reflected a claim against Pamela about which there was a bona fide dispute between Trusty Warns and Pamela. Trusty Warns shall not issue or cause to be issued any tax filing or other documentation reflecting, deeming or characterizing this amendment in any way as income, or forgiveness, cancellation or discharge of debt.

14.   <u>IDES Litigation</u>.   (a) The Parties stipulate and agree that the IDES Board of Review Decision dated January 2, 2015 ("Board Decision"), shall be kept confidential and shall not be disclosed to anyone other than the Parties. The Parties stipulate and agree that this is a material provision of this Agreement and is supported by adequate consideration.

(b)   In the event that any Party receives a subpoena or other legal request for the Board Decision, notice shall be provided to Pamela within five (5) business days of receiving such a request and Pamela shall be provided with at least ten (10) business days to object to the production of the Board Decision.

(c)     Pamela intends to file a motion in the IDES Litigation to vacate the Board Decision and/or seal that portion of the record that contains the Board Decision. Trusty Warns, Carrie, John, Sandra, Linda, Joyce, Robert, Jamie and Amy agree not to oppose or in any way interfere with such motion. Notwithstanding anything to the contrary, nothing in this Agreement shall in any way prohibit or interfere with Trusty Warns, Carrie, John, Sandra, Linda, Joyce, Robert, Jamie or Amy, from responding to any subpoena or other lawfully issued process requiring them to appear and give testimony in the IDES proceeding and to provide testimony or evidence in response to such subpoena or process.

15.     <u>No-Admissions</u>.     This Agreement is made solely in an effort to amicably resolve certain disputes which have arisen between the Parties and shall not be construed as an admission of any liability, responsibility, or obligation by any Party or as an admission by any Party of the truth or validity of any claims or contentions asserted by any other Party or as ratification of any past conduct by any other Party.

16.     <u>Representations and Warranties</u>.     The Parties represent and warrant that they have requisite power and authority to execute, deliver, and perform this Agreement. The Parties further represent and warrant that the person executing this Agreement on their behalf is fully authorized to do so. The Parties have made such investigation of the facts pertaining to this Agreement and the settlement provided for herein, and all matters pertaining hereto, as the Parties deem necessary.

17.     <u>No-Reliance.</u> The Parties represent and warrant that, in executing and entering into this Agreement, they are not relying and have not relied upon any representation, promise, statement or inducement made by anyone which is not recited, contained or embodied in this Agreement.

18.     <u>Entire Agreement</u>.     This Agreement sets forth the understanding among the Parties concerning the subject matter of this Agreement, and incorporates all prior negotiations and understandings. This Agreement constitutes the entire agreement between the Parties relating to the subject matter of this Agreement. No agreements, conditions, or understandings, either oral or written, exist between the Parties relating to the subject matter of this Agreement other than those set forth herein. This Agreement may not be amended, altered, modified, or waived in whole or in part except in a writing executed by all Parties.

19.     <u>Binding Effect</u>.     This Agreement and all its terms and obligations shall be binding on and shall insure to the benefit of the Parties and their heirs, devisees, legatees, executors, affiliates, administrators, trustees, successors, and assigns.

8

20.    <u>Governing Law.</u>    This Agreement shall be governed and construed according to the laws of the State of Illinois.

21.    <u>Signatures.</u>    This Agreement may be signed in counterparts via facsimile, email, or otherwise, and copies of the same bearing the signatures of the Parties shall be effective as the original.


By: _____
    Carrie Savickas, individually and as General Partner of the Niedermeyer Family Limited Partnership V and as Trustee of the Karl O. Niedermeyer Trust

Date: _____


By: _____
    Pamela McDonald

Date: _____


By: _____
    Joyce Ortis

Date: _____


By: _____
    Robert Meyer

Date: _____


By: _____
    Amy Beck

Date: _____


By: _____
    John Savickas, individually and as President of Trusty Warns, Inc.

Date: _____


By: _____
    Sandra Niedermeyer

Date: _____


By: _____
    Linda McGahey

Date: _____


By: _____
    Jamie Bellandi

Date: _____


By: _____
    Michael McDonald, individually and on behalf of M.W. McDonald & Associates, Inc.

Date: _____

9

Date: _____

By: _____
    Pamela McDonald

Date: _____

By: _Joyce Ortis_
    Joyce Ortis
Date: _10-20-15_

By: _____
    Robert Meyer

Date: _____

By: _____
    Amy Beck

Date: _____

By: _____
    Sandra Niedermeyer

Date: _____

By: _____
    Linda McGahey

Date: _____

By: _____
    Jamie Bellandi

Date: _____

By: _____
    Michael McDonald, individually and on behalf of M.W. McDonald & Associates, Inc.

Date: _____

9

**EXHIBIT A**

**RELEASE OF LAND FROM**
**LIS PENDENS**

Pamela J. McDonald, Counter-Plaintiff/ Third-Party Plaintiff in the case entitled *Trusty Warns, Inc. v. Pamela J. McDonald, et al.*, in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois, Case No. 2013L000052, hereby releases the following described real estate from the Lis Pendens Notice recorded in the office of the DuPage County Recorder of Deeds on February 12, 2015 as Document R2015-013721.

Relevant Information regarding the first property:

Legal Description:

Parcel 1: Lot 13 in Block 17 in H.O. Stone and Company's Second Irving Park Boulevard Addition to Wood Dale, being a subdivision of part of the East ½ of Section 10 and part of the West 1/2 of the Northeast 1/4 of Section 15, Township 40 North, Range 11, East of the Third Principal Meridian, according to the Plat thereof recorded December 12, 1925 as Document No. 204619, in DuPage County, Illinois.

Parcel 2:  That part of vacated Central Avenue lying East of the West Line of the Northeast 1/4 of Section 15, Township 40 North, Range 11, East of the Third Principal Meridian, and lying North of the North Line  of the Chicago, Milwaukee, and St. Paul Railroad (now SOO Line) and lying South of the North Line of Lot 13 extended to the West Block 17 in H.O. South and Company's Second Irving Park Boulevard Addition to Wood Dale, being a subdivision of part of the East 1/2 of Section 10 and part of the West 1/2 of the Northeast 1/4 of Section 15, Township 40 North, Range 11, East of the Third Principal Meridian, in DuPage County, Illinois.

PIN:   03-15-201-021

Common Address:     229 Central, Wood Dale, Illinois 60191

10

Relevant information regarding the second property:

Legal Description:

Lot 1 in Niedermeyer's 2nd Resubdivision, being a Resubdivision of Lots 10, 11 and 12, in Block 17 in H.O. Stone and Company's Second Irving Park Boulevard Addition to Wood Dale, being a subdivision of part of the East 1/2 of Section 10 and part of the West 1/2 of the Northeast 1/4 of Section 15, Township 40 North, Range 11, East of the Third Principal Meridian, according to the Plat of said Resubdivision recorded August 13, 1987 as Document R87-121500, in DuPage County, Illinois.

PIN:   03-15-201-022

Common Address:     320 E. Irving Park Road, Wood Dale, Illinois 60191


EXECUTED BY:      _____
                            Pamela J. McDonald


STATE OF _____            )
                                         )      SS
COUNTY OF _____      )


Subscribed and sworn to before
me this ____ day of _____, 2015.


_____
NOTARY PUBLIC


Prepared by/ Return to:
Lauryn E. Parks
Momkus McCluskey, LLC
1001 Warrenville Road, Suite 500
Lisle, Illinois 60532

11

## EXHIBIT B

### STRICT JOINT ORDER ESCROW LETTER OF DIRECTION

To:     Old Republic National Title Insurance Company

Re:     Title Indemnity – Escrow Agreement Number 1557353

You are hereby authorized to disburse the sum of $650,840 from this escrow trust in checks in the following amounts made payable as follows:

1.     $65,000 –  made payable to Pamela M. McDonald

2.     $65,000 – made payable to Robert Meyer

3.     $65,000 – made payable to Jamie Bellandi

4.     $65,000 – made payable to [Amy Beck/Bankruptcy Trustee]

5.     $350,000 – made payable to Lowis & Gellen LLP - IOLTA Account

6.     $25,000 – made payable to Joseph M. Lucas & Associates Client Fund Account

7.     $15,000 – made payable to Rolewick & Gutzke, P.C. IOLTA Account

If applicable, you are hereby authorized to disburse any and all accrued interest from this escrow trust. This payment will be made in a check made payable to The Niedermeyer Family Limited Partnership V.


_____          _____
Carrie Savickas, solely and as Trustee,          Robert Meyer
General Partner, The Niedermeyer Family
Limited Partnership V


_____          _____
     Pamela J. McDonald          Jamie Bellandi


_____
     Amy Beck/Trustee


12

## EXHIBIT C

## PAMELA McDONALD ASSIGNMENT SEPARATE FROM CERTIFICATE

FOR VALUE RECEIVED, **Pamela J. McDonald,** hereby assigns and transfers unto **Carrie Savickas** 16.66 shares of common stock of Trusty Warns, Inc. ("Corporation") standing in my name on the books of said Corporation represented by Certificate No. _____.

FOR VALUE RECEIVED, **Pamela J. McDonald,** hereby assigns and transfers unto **Sandra Niedermeyer** 16.67 shares of common stock of Trusty Warns, Inc. ("Corporation") standing in my name on the books of said Corporation represented by Certificate No. _____.

FOR VALUE RECEIVED, **Pamela J. McDonald,** hereby assigns and transfers unto **Joyce Ortis** 16.67 shares of common stock of Trusty Warns, Inc. ("Corporation") standing in my name on the books of said Corporation represented by Certificate No. _____.

I do hereby irrevocable constitute and appoint **Edward J. Momkus** as my attorney-in-fact to transfer the said stock on the books of the Corporation with full power of substitution in the premises.

By execution hereof, I represent that such shares now stand in my name on the books of the Corporation and are free and clear of all liens, claims, charges and encumbrances.

Date: _____

_____
Pamela J. McDonald


STATE OF _____        )
                          )     SS
COUNTY OF _____    )


Subscribed and sworn to before
me this ____ day of _____, 2015.

_____
**NOTARY PUBLIC**

13

## EXHIBIT D

## ROBERT MEYER'S ASSIGNMENT SEPARATE FROM CERTIFICATE

FOR VALUE RECEIVED, **Robert Meyers**, hereby assigns and transfers unto **Carrie Savickas** 16.67 shares of common stock of Trusty Warns, Inc. ("Corporation") standing in my name on the books of said Corporation represented by Certificate No. _____.

FOR VALUE RECEIVED, **Robert Meyers**, hereby assigns and transfers unto **Sandra Niedermeyer** 16.66 shares of common stock of Trusty Warns, Inc. ("Corporation") standing in my name on the books of said Corporation represented by Certificate No. _____.

FOR VALUE RECEIVED, **Robert Meyers**, hereby assigns and transfers unto **Joyce Ortis** 16.67 shares of common stock of Trusty Warns, Inc. ("Corporation") standing in my name on the books of said Corporation represented by Certificate No. _____.

I do hereby irrevocable constitute and appoint **Edward J. Momkus** as my attorney-in-fact to transfer the said stock on the books of the Corporation with full power of substitution in the premises.

By execution hereof, I represent that such shares now stand in my name on the books of the Corporation and are free and clear of all liens, claims, charges and encumbrances.

Date: _____          _____
                                      Robert Meyers


STATE OF _____          )
                             )    SS
COUNTY OF _____       )


Subscribed and sworn to before
me this ____ day of _____, 2015.


_____
**NOTARY PUBLIC**

14

## EXHIBIT E

## JAMIE BELLANDI ASSIGNMENT SEPARATE FROM CERTIFICATE

FOR VALUE RECEIVED, **Jamie Bellandi,** hereby assigns and transfers unto **Carrie Savickas** 16.67 shares of common stock of Trusty Warns, Inc. ("Corporation") standing in my name on the books of said Corporation represented by Certificate No. _____.

FOR VALUE RECEIVED, **Jamie Bellandi,** hereby assigns and transfers unto **Sandra Niedermeyer** 16.67 shares of common stock of Trusty Warns, Inc. ("Corporation") standing in my name on the books of said Corporation represented by Certificate No. _____.

FOR VALUE RECEIVED, **Jamie Bellandi,** hereby assigns and transfers unto **Joyce Ortis** 16.66 shares of common stock of Trusty Warns, Inc. ("Corporation") standing in my name on the books of said Corporation represented by Certificate No. _____.

I do hereby irrevocably constitute and appoint **Edward J. Momkus** as my attorney-in-fact to transfer the said stock on the books of the Corporation with full power of substitution in the premises.

By execution hereof, I represent that such shares now stand in my name on the books of the Corporation and are free and clear of all liens, claims, charges and encumbrances.

Date: _____                     _____
                                                                  Jamie Bellandi


STATE OF _____        )
                                              )    SS
COUNTY OF _____   )


Subscribed and sworn to before
me this ____ day of _____, 2015.


_____
**NOTARY PUBLIC**

15

## EXHIBIT F

## AMY BECK ASSIGNMENT SEPARATE FROM CERTIFICATE

FOR VALUE RECEIVED, **Amy Beck,** hereby assigns and transfers unto **Carrie Savickas** 16.66 shares of common stock of Trusty Warns, Inc. ("Corporation") standing in my name on the books of said Corporation represented by Certificate No. \_\_\_\_\_.

FOR VALUE RECEIVED, **Amy Beck,** hereby assigns and transfers unto **Sandra Niedermeyer** 16.67 shares of common stock of Trusty Warns, Inc. ("Corporation") standing in my name on the books of said Corporation represented by Certificate No. \_\_\_\_\_.

FOR VALUE RECEIVED, **Amy Beck,** hereby assigns and transfers unto **Joyce Ortis** 16.67 shares of common stock of Trusty Warns, Inc. ("Corporation") standing in my name on the books of said Corporation represented by Certificate No. \_\_\_\_\_.

I do hereby irrevocable constitute and appoint **Edward J. Momkus** as my attorney-in-fact to transfer the said stock on the books of the Corporation with full power of substitution in the premises.

By execution hereof, I represent that such shares now stand in my name on the books of the Corporation and are free and clear of all liens, claims, charges and encumbrances..

Date: _____

_____
Amy Beck


STATE OF _____          )
                                )   SS
COUNTY OF _____          )


Subscribed and sworn to before
me this \_\_\_\_ day of _____, 2015.

_____
**NOTARY PUBLIC**

16

## EXHIBIT G

## RELEASE AND DISCHARGE OF TRUSTEE

I, _____, am a named beneficiary of the Karl O. Niedermeyer Trust dated December 17, 1991, as amended, and with this Release and Discharge of Trustee, acknowledge and represent as follows:

I am entitled to a 1/8th share of the Trust estate.

On or about _____, I received a partial distribution representing my share in escrowed proceeds totaling $650,840.

I acknowledge that my share and receipt of my portion of these escrowed proceeds represents my final distribution from the Karl O. Niedermeyer Trust and that I have now received the Total Distribution to which I am entitled from the Karl O. Niedermeyer Trust dated December 17, 1991, as amended.

IN CONSIDERATION of the present distribution of the aforesaid Partial Distribution and Final Distribution, and for other good and valuable consideration, the undersigned agrees:

(a)    Subject to the provisions and reservations in the Settlement Agreement and General Mutual Release dated _____, 2015, I hereby forever release and discharge Carrie Savickas and all agents of the Trustee, individually and in the capacity as fiduciaries, of and from any and all claims, demands, suits, actions, and liabilities and responsibilities of whatsoever kind or nature arising out of or in connection with, and any acts or failures to act with respect to the administration of the Trust.

(b)    That this obligation is binding upon the undersigned as primary obligor, and upon the undersigned's assigns, legal representatives, agents, and successors.

WITNESS the hand and seal of the undersigned this ____ day of _____, 2015.

_____

STATE OF _____            )
                               )      SS
COUNTY OF _____        )

Subscribed and sworn to before
me this ____ day of _____, 2015.

_____
NOTARY PUBLIC

17

## EXHIBIT H

## RESIGNATION AND ASSIGNMENT OF MEMBERSHIP INTEREST AGREEMENT

The undersigned, _____, being a holder of a 1.74% membership interest in THE NIEDERMEYER FAMILY LIMITED PARTNERSHIP V ("Family Partnership"), for and in consideration of the receipt of ten dollars ($10.00) in hand paid, and for other good and valuable consideration, including that set forth in the Settlement Agreement and General Mutual Release Agreement dated July, 2015, the receipt and sufficiency of which is hereby acknowledged, does hereby resign as a Limited Partner of the Family Partnership, and does hereby sell and transfer to the Family Partnership and/or its designee, his/her 1.74% membership interest, free and clear of all liens, charges, encumbrances, and restrictions whatsoever. This transfer is subject to any conditions set forth in the Settlement Agreement and Mutual Release Agreement.

The undersigned, _____, further represents and warrants that he/she has not encumbered, assigned or transferred any of his/her interests in the Family Partnership, and that he/she has the full power and right to transfer the shares free and clear of all liens, charges, encumbrances, and restrictions whatsoever.

The undersigned, _____, further resigns from all positions, and as a Limited Partner, with the Family Partnership, effective immediately.

IN WITNESS WHEREOF, the undersigned represents and warrants that she is under no legal disability, and has executed this agreement as his/her free and voluntary act, after having had an opportunity to read the above.

_____

WITNESS the hand and seal of the undersigned this _____ day of _____, 2015.

_____

STATE OF _____           )
                             )    SS
COUNTY OF _____      )

Subscribed and sworn to before me this _____ day of _____, 2015.

_____

NOTARY PUBLIC

18

## EXHIBIT I

## TRUSTY WARNS CONFIDENTIAL AND PROPRIETARY INFORMATION

- Customer lists
- Customer information
- Technological data
- Technological prototypes
- Research and development strategies
- Proprietary service and production practices

**EXHIBIT J**

**STIPULATION OF PROTECTED INFORMATION**

Trusty Warns, Inc., M.W. McDonald & Associates, Inc., Joyce Ortis, Linda McGahey, Robert Meyer, Sandra Niedermeyer, Pamela McDonald, Carrie Savickas, Jamie Bellandi, Amy Beck, Michael McDonald, and John Savickas (the "Parties"), having settled their claims against all and each other and having executed a the above Settlement Agreement and Mutual Release Agreement dated _____, wherein the parties have agreed that Pamela, Robert, Jamie and Amy return to Trusty Warns or delete, destroy or otherwise render irretrievable and inaccessible any and all trade secrets, proprietary information and/or confidential information of Trusty Warns, but that Pamela, Robert, Jamie or Amy may retain any Trusty Warns QuickBooks accounting records in their possession, including Trusty Warns' QuickBooks records from the years 2000 through 2012 the Parties each so further stipulate and agree as follows:

1.    The Parties acknowledge and stipulate that the QuickBooks records from the years 2000 through 2012 contain information concerning Trusty Warns' customers, including their names, addresses, contact information, and purchasing history; as well as information concerning materials and material pricing ("Trusty Warns' Trade Secrets").

2.    The Parties acknowledge and stipulate Trusty Warns owns proprietary rights to Trusty Warns' Trade Secrets, all of which has value from not being known to Trusty Warns' competitors, and all of which qualify for protection under the Illinois Trade Secrets Act, 765 ILCS 1065/1, *et seq.*

SO AGREED:

By: _____          By: _____
    Carrie Savickas, individually and as General          John    Savickas,    individually    and    as
Partner of the Niedermeyer Family Limited    President of Trusty Warns, Inc.
Partnership V and as Trustee of the Karl O.    Date: _____
Niedermeyer Trust

Date: _____


By: _____          By: _____
    Pamela McDonald          Sandra Niedermeyer

Date: _____          Date: _____

20

By: _____

    Joyce Ortis

Date: _____


By: _____

    Robert Meyer

Date: _____


By: _____

    Amy Beck

Date: _____


By: _____

    Linda McGahey

Date: _____


By: _____

    Jamie Bellandi

Date: _____


By: _____

    Michael McDonald, individually and on behalf of M.W. McDonald & Associates, Inc.

Date: _____

By: _Joyce Ortis_

    Joyce Ortis

Date: _____ 10-20-15

By: _____

    Robert Meyer

Date: _____

By: _____

    Amy Beck

Date: _____

By: _____

    Linda McGahey

Date: _____

By: _____

    Jamie Bellandi

Date: _____

By: _____

    Michael McDonald, individually and on behalf of M.W. McDonald & Associates, Inc.

Date: _____

21