# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re: §
§
BECK, AMY § Case No. 14-43102
§
Debtor §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 12/01/2014 . The undersigned trustee was appointed on 12/01/2014 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of          $      65,000.00

    Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 21,691.23 |
| Bank service fees | 95.95 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 3,485.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]   $ | 39,727.82 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 06/04/2015 and the deadline for filing governmental claims was . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 6,325.75 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 6,325.75 , for a total compensation of $ 6,325.75 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 0.00 , for total expenses of $ 0.00 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 04/27/2016                    By: /s/ANDREW J. MAXWELL, TRUSTEE
                                         Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1

Exhibit A

| Case No: | 14-43102 | TAB | Judge: TIMOTHY A. BARNES | Trustee Name: | ANDREW J. MAXWELL, TRUSTEE |
| Case Name: | BECK, AMY | | | Date Filed (f) or Converted (c): | 12/01/14 (f) |
| | | | | 341(a) Meeting Date: | 01/07/15 |
| For Period Ending: | 04/27/16 | | | Claims Bar Date: | 06/04/15 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. CASH | 5.00 | 0.00 | | 0.00 | FA |
| 2. B4 HOUSEHOLD GOODS | 500.00 | 0.00 | | 0.00 | FA |
|     Furniture, Electronics, Kitchenware | | | | | |
| 3. BOOKS | 10.00 | 0.00 | | 0.00 | FA |
|     Books | | | | | |
| 4. WEARING AAPPAREL | 300.00 | 0.00 | | 0.00 | FA |
|     Shirts, Pants, Jeans, Jackets, Shoes | | | | | |
| 5. FUR | 15.00 | 0.00 | | 0.00 | FA |
| 6. INHERITANCE/INTEREST IN ESTATE (u) | Unknown | 65,000.00 | | 65,000.00 | FA |
|     unscheduled interest in father's estate, including operating business, being investigated now in process of settlement | | | | | |
| TOTALS (Excluding Unknown Values) | $830.00 | $65,000.00 | | $65,000.00 | Gross Value of Remaining Assets $0.00 (Total Dollar Amount in Column 6) |

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

the settlement was approved by Court and consummated.  Trustee has filed income tax returns (settlement included transfer of stock and other interests) and is waiting for expedited audit response from IRS.  When that is received, Trustee anticipates TFR  after letter from IRS

as of 10-15 there is a pending settlement in the state court case regarding the inheritance, including a draft settlement agreement.  After that is agreed upon, Trustee will seek court approval of the settlement.

LFORM1   UST Form 101-7-TFR (5/1/2011) *(Page: 3)*                                                                                                                         Ver: 19.06

Case 14-43102 Doc 55 Filed 05/12/16 Entered 05/12/16 13:46:56 Desc Main
Document Page 4 of 10

FORM 1

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Page: 2

Exhibit A

| | | | | |
|---|---|---|---|---|
| Case No: | 14-43102 | TAB Judge: TIMOTHY A. BARNES | Trustee Name: | ANDREW J. MAXWELL, TRUSTEE |
| Case Name: | BECK, AMY | | Date Filed (f) or Converted (c): | 12/01/14 (f) |
| | | | 341(a) Meeting Date: | 01/07/15 |
| | | | Claims Bar Date: | 06/04/15 |

INTEREST IN FATHER'S ESTATE, INCLUDING BUSINESS

INVESTIGATING UNSCHEDULED INHERITANCE

LITIGATION PENDING IN STATE COURT

SPECIAL COUNSEL + COUNSEL EMPLOYED

Initial Projected Date of Final Report (TFR): 12/31/16    Current Projected Date of Final Report (TFR): 12/31/16

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1
Exhibit B

| Case No: | 14-43102 -TAB | Trustee Name: | ANDREW J. MAXWELL, TRUSTEE |
| --- | --- | --- | --- |
| Case Name: | BECK, AMY | Bank Name: | ASSOCIATED BANK |
| | | Account Number / CD #: | *******2797 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******6752 | | |
| For Period Ending: | 04/27/16 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| --- | --- | --- | --- | --- | --- | --- |
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 12/18/15 | 6 | OLD REPUBLIC TITLE<br> S CLARK STREET<br>CHICAGO, IL 60603 | INHERITANCE/INTEREST IN ESTATE | 1229-000 | 65,000.00 | | 65,000.00 |
| 12/21/15 | 010001 | Paul J. Prybylo<br>Hesik-Prybylo Law Offices<br>821 Garfield Street<br>Oak Park IL 60304 | Attorney fees/ Special Counsel<br>Proceeds of Settlement<br>c/o 12/10/2015 | 3220-000 | | 21,666.67 | 43,333.33 |
| 12/21/15 | 010002 | Amy Beck<br>6026 N. Winthrop Ave # 3E<br>Chicago, IL 60660 | Wild Card Exemption<br>c/o 12/10/2015 | 8100-000 | | 3,485.00 | 39,848.33 |
| 01/08/16 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 36.77 | 39,811.56 |
| 02/05/16 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 59.18 | 39,752.38 |
| 04/12/16 | 010003 | ARTHUR B. LEVINE COMPANY<br>370 LEXINGTON AVE<br>SUITE 1101<br>NEW YORK, NY 10017 | Bond Blanquet<br>Bond # 10BSBGR6291 | 2300-000 | | 24.56 | 39,727.82 |

|  |  |  |
| --- | --- | --- |
| COLUMN TOTALS | 65,000.00 | 25,272.18 | 39,727.82 |
| Less: Bank Transfers/CD's | 0.00 | 0.00 | |
| Subtotal | 65,000.00 | 25,272.18 | |
| Less: Payments to Debtors | | 3,485.00 | |
| Net | 65,000.00 | 21,787.18 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
| --- | --- | --- | --- |
| Checking Account (Non-Interest Earn - *******2797 | 65,000.00 | 21,787.18 | 39,727.82 |
| | 65,000.00 | 21,787.18 | 39,727.82 |
| | (Excludes Account | (Excludes Payments | Total Funds |

Page Subtotals 65,000.00 25,272.18

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 2
Exhibit B

| Case No: | 14-43102 -TAB | Trustee Name: | ANDREW J. MAXWELL, TRUSTEE |
| --- | --- | --- | --- |
| Case Name: | BECK, AMY | Bank Name: | ASSOCIATED BANK |
| | | Account Number / CD #: | *******2797 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******6752 | | |
| For Period Ending: | 04/27/16 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform Tran. Code | 5 | 6 | 7 |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | Checking Account (Non-Interest Earn - *******2797 | | Transfers) | To Debtors) | On Hand |

| | | | | Page Subtotals | 0.00 | 0.00 | |

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: April 27, 2016 |

Case Number: 14-43102  
Debtor Name: BECK, AMY

Claim Class, Priority Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001<br>2100-00 | ANDREW J. MAXWELL, TRUSTEE<br>20 N. CLARK ST.<br>SUITE 200<br>CHICAGO, IL 60602 | Administrative | | $6,325.75 | $0.00 | $6,325.75 |
| 001<br>3110-00 | MAXWELL LAW GROUP, LLC<br>20 N. CLARK ST.<br>SUITE 200<br>CHICAGO, IL 60602 | Administrative | | $8,111.34 | $0.00 | $8,111.34 |
| 001<br>3410-00 | POPOWCER KATTEN, LTD.<br>35 E. WACKER DRIVE, SUITE 1550<br>CHICAGO, IL 60601 | Administrative | | $1,479.00 | $0.00 | $1,479.00 |
| BOND<br>999<br>2300-00 | ARTHUR B. LEVINE COMPANY<br>370 LEXINGTON AVE<br>SUITE 1101<br>NEW YORK, NY 10017 | Administrative | | $24.56 | $24.56 | $0.00 |
| 000003A<br>058<br>5800-00 | Department of Treasury Internal Revenue Service<br>P O Box 7346<br>Philadelphia, PA 19101-7346 | Priority | | $2,422.90 | $0.00 | $2,422.90 |
| 000001<br>070<br>7100-00 | Midland Credit Management, Inc.<br>as agent for Asset Acceptance LLC<br>PO Box 2036<br>Warren, MI 48090 | Unsecured | | $11,532.84 | $0.00 | $11,532.84 |
| 000002<br>070<br>7100-00 | Animal Medical Center of Itasca<br>220 Catalpa St.<br>Itasca, IL 60143 | Unsecured | | $360.67 | $0.00 | $360.67 |
| 000003B<br>070<br>7100-00 | Department of Treasury Internal Revenue Service<br>P O Box 7346<br>Philadelphia, PA 19101-7346 | Unsecured | | $10,297.55 | $0.00 | $10,297.55 |
| | Case Totals: | | | $40,554.61 | $24.56 | $40,530.05 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 14-43102
Case Name: BECK, AMY
Trustee Name: ANDREW J. MAXWELL, TRUSTEE

   Balance on hand              $    39,727.82

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: ANDREW J. MAXWELL, TRUSTEE | $ 6,325.75 | $ 0.00 | $ 6,325.75 |
| Attorney for Trustee Fees: MAXWELL LAW GROUP, LLC | $ 8,090.00 | $ 0.00 | $ 8,090.00 |
| Attorney for Trustee Expenses: MAXWELL LAW GROUP, LLC | $ 21.34 | $ 0.00 | $ 21.34 |
| Accountant for Trustee Fees: POPOWCER KATTEN, LTD. | $ 1,479.00 | $ 0.00 | $ 1,479.00 |
| Other: ARTHUR B. LEVINE COMPANY | $ 24.56 | $ 24.56 | $ 0.00 |

 Total to be paid for chapter 7 administrative expenses     $    15,916.09
 Remaining Balance                $    23,811.73

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

UST Form 101-7-TFR (5/1/2011) *(Page: 8)*

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 2,422.90 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000003A | Department of Treasury Internal Revenue | $ 2,422.90 | $ 0.00 | $ 2,422.90 |
| | Total to be paid to priority creditors | | | $ 2,422.90 |
| | Remaining Balance | | | $ 21,388.83 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 22,191.06 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 96.4 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Midland Credit Management, Inc. | $ 11,532.84 | $ 0.00 | $ 11,115.92 |
| 000002 | Animal Medical Center of Itasca | $ 360.67 | $ 0.00 | $ 347.63 |
| 000003B | Department of Treasury Internal Revenue | $ 10,297.55 | $ 0.00 | $ 9,925.28 |
| | Total to be paid to timely general unsecured creditors | | | $ 21,388.83 |
| | Remaining Balance | | | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE